## BENJAMIN SIKES *vs.* JOHN WORK.

A purchase of land by two persons jointly, and the erection of a building thereon by one of them with the consent of the other, do not make them partners.

One partner may maintain an action against his copartner, after the dissolution of the partnership, to recover a balance due, if there are no outstanding liabilities of the partnership, and no debts due to them, except one of a trifling amount, which the plaintiff offers to assign to the defendant.

ACTION OF CONTRACT to recover half the money expended by the plaintiff in the purchase of a lot of land in Springfield, and in the building and keeping of a boarding house thereon.

The case was referred to an auditor, who heard the parties in October 1855, and reported the following facts to the court for their decision: In 1845 the parties purchased together the land in question, and have since owned it jointly. In 1846 and 1847 they erected the boarding house, the work being done under the direction of the plaintiff. It did not appear from the evidence that at the time of the purchase of the land and building the boarding house the parties contemplated any connection beyond what was involved in the joint purchase and building. In May 1847 the plaintiff took possession of the house, and carried on the business of keeping it as a boarding house, under an understanding between himself and the defendant that there should be a partnership between them, but without any written agreement. The business was closed in the fall of 1847, but there was no formal dissolution of the partnership, nor any balance of accounts adjusted, or settlement made. There are no claims outstanding against the partnership, nor any debts due to it, except one of three dollars for board in 1847, which the plaintiff, at the hearing, offered to assign to the defendant.

The defendant contended that these facts showed a partnership between the parties, both as to the real estate and as to the business of keeping the boarding house; and that, as no settlement had been made, this action at law could not be maintained.

*C. A. Winchester*, for the plaintiff.

*E. W. Bond*, for the defendant.

BIGELOW, J.   The evidence in this case fails to show a partnership in regard to the real estate owned by the parties.   There was no agreement between them to share the profit and loss of the joint undertaking, which is the essential and distinguishing feature of the contract of copartnership.   The relation of the parties was only that of tenants in common.   For the money expended by the plaintiff with the consent and knowledge of the defendant in erecting buildings on the common estate, the latter became indebted to the plaintiff for his share or proportion as for so much money laid out at his request.   The legal effect of the transaction is the same as where two persons agree to build a ship together to be owned by them in common in certain proportions.   It is well settled that this does not create a partnership between them.   *Merrill* v. *Bartlett*, 6 Pick. 46. *Thorndike* v. *De Wolf*, 6 Pick. 120.

But even if there was a partnership originally subsisting between them as to the real estate, as there was in regard to the business carried on by them, this would not prevent the plaintiff from maintaining this action to recover the amount due him as the result of their copartnership transactions.   By the well settled rule of law in this commonwealth, an action may be well maintained by one copartner against another to recover a final balance remaining due upon a close of the business of a firm after its dissolution.   Nor is it necessary that this should be a fixed ascertained balance as the result of a settlement of the accounts of the firm between the partners.   It is enough if it appear that the firm is dissolved and that there are no outstanding debts due to or from the copartnership, so that the action of assumpsit to recover the balance due one of the firm will effect a final settlement between the copartners.   *Wilby* v. *Phinney*, 15 Mass. 116.   *Williams* v. *Henshaw*, 11 Pick. 79, and 12 Pick. 378.

In the case at bar, the evidence was sufficient to show, that the partnership was at an end, and that there were no debts due from the firm.   The small debt due to the firm, being barred by the statute of limitations, was clearly a worthless claim, and being assigned to the defendant ought not to defeat this action.   *Brinley* v. *Kupfer*, 6 Pick. 179.

*Plaintiff entitled to recover*